

STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
NOV 15 2010

| UNITED STATES OF AMERICA, | CR. 10-4017 5-01 |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| MICHAEL J. REISCH, | |
| Defendant. | |

The Defendant, the Defendant's attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendant's attorney. The Agreement is as follows:

**A. ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDERSTANDING OF MAXIMUM PENALTIES:** The Defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalty therefor, and that he understands same. The Defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be waiving certain statutory and constitutional rights to which he is otherwise entitled.

**B.    PLEA AGREEMENT PROCEDURE:** The United States and the Defendant agree that this Plea Agreement is presented to the Court pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure which authorizes the United States to agree that it will not bring other charges. The Court may accept this agreement, reject it, or defer a decision until the Court has reviewed the presentence report.

**C.    PLEA OF GUILTY TO CHARGE – WAIVER OF INDICTMENT:** The Defendant will waive indictment in this case and plead guilty to an information charging a violation of 18 U.S.C. § 1084, transmission of wagering information. The charge carries a maximum sentence of 2 years in prison, a $250,000 fine, or both, and a period of supervised release of 1 year. If the Defendant is found by a preponderance of evidence to have violated a condition of supervised release, he may be incarcerated for an additional term of up to 1 year on any such revocation. There is also a $100 assessment to the victims' assistance fund. Restitution may also be ordered.

**D.    VIOLATION OF TERMS AND CONDITIONS:** The Defendant acknowledges and understands that if he violates the terms of this plea agreement, engages in any further criminal activity, or fails to appear for sentencing, this plea agreement shall become voidable at the discretion of the United States and the Defendant will face the following consequences:

(1) All testimony and other information the Defendant has provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against him in any prosecution or proceeding.

(2) The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendant, and to use any information obtained directly or indirectly from him in those additional prosecutions.

(3) The United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

E. **TIMELY ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that the Defendant has timely notified authorities of his intention to enter a plea of guilty thereby permitting the United States and the Court to allocate their resources efficiently. Therefore, if the offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is level 16 or greater and the Defendant qualifies for a two-level decrease under U.S.S.G. § 3E1.1(a), this provision shall be treated at the sentencing hearing as a motion pursuant to U.S.S.G. § 3E1.1(b) to decrease the offense level by one additional level.

F. **GOVERNMENT'S RECOMMENDATION REGARDING SENTENCE – WITHIN THE GUIDELINE RANGE:** The Defendant and the United States understand and agree that the Court will determine the applicable Guideline

range after reviewing the presentence report and considering any evidence or arguments submitted at the sentencing hearing. The United States agrees that it will recommend that the Court impose a sentence of imprisonment within the applicable Guideline range. The Defendant understands that any recommendation made by him or the United States is not binding on the Court. The Defendant further understands that he may not withdraw his plea of guilty if the Court rejects any recommendation.

The United States reserves the right to present evidence and argument as to what it believes the applicable Guideline range should be and to respond to any request for a sentence below the applicable Guideline range. For the purposes of this agreement, the "applicable Guideline range" is the range found by the Court by reference to the Sentencing Table at U.S.S.G. § 5A based on the Defendant's total offense level and criminal history before adjustments, if any, are made based on a downward departure, an 18 U.S.C. § 3553(e) sentencing factor, or other variance.

G. **STIPULATED OFFENSE LEVEL:** It is understood and stipulated between the United States and the Defendant that the base offense level upon which the Defendant's sentence is to be initially calculated, pursuant to U.S.S.G. § 2E3.1, is 12, in that the Defendant's offense conduct and relevant conduct readily provable by the United States involved engaging in a gambling business. It is also stipulated between the parties that the Defendant's acceptance of

responsibility would qualify for a two-level decrease, therefore resulting in a total offense level of 10.  The Defendant understands that should the Court not follow the terms of this stipulation and agreement, he will not be allowed to withdraw his plea.

**H.** **SPECIAL ASSESSMENT:** The Defendant agrees to remit to the U.S. Clerk of Court, 400 S. Phillips Ave., Sioux Falls, SD 57104, no later than two weeks prior to sentencing, a certified or cashier's check payable to the "U.S. Clerk of Court" in the amount of $100, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013.

**I.** **MONETARY OBLIGATIONS – DEFENDANT'S ONGOING DUTY:**  If the Defendant does not have sufficient financial resources to immediately satisfy the financial obligations imposed upon him at sentencing the Defendant agrees, if requested by the United States, to promptly execute and return an executed Authorization to Release Financial Records and Documents, an executed Authorization to Release Tax Returns and Attachments and an executed Financial Statement.  The Defendant understands that this is an ongoing duty which continues until such time as payment is remitted in full.  Also the Defendant may be required to furnish the requested information, as well as current earnings statements and copies of his W-2s even if the request is made after he has been sentenced.

The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of any financial obligations imposed as part of the sentence in this case.

The Defendant also agrees that if he is incarcerated, he will participate in the Bureau of Prison's Inmate Financial Responsibility Program during any period of incarceration in order to pay any financial obligations ordered by the Court. The Defendant's agreement to participate in the Inmate Financial Responsibility Program does not limit the United States' right to pursue collection from other available sources. If there is no period of incarceration ordered, the Defendant agrees that payment of any financial obligations ordered by the Court shall be a condition of probation.

**J.     RESERVING THE RIGHT TO REBUT OR CLARIFY MITIGATION INFORMATION:** The United States reserves the right to rebut or clarify matters set forth in the presentence investigation report, or raised by the Defendant in mitigation of his sentence, with evidence and argument.

**K.     NO FURTHER PROSECUTION:** The United States agrees that there will be no further federal criminal prosecution of the Defendant in the District of South Dakota based on the information and evidence now available to the United States regarding the Defendant's involvement with a bookmaking business in South Dakota from November 29, 2007, through the day this agreement is signed by the defendant.

**L.     AGREEMENT TO FORFEIT PROPERTY:** On July 20, 2009, the United States filed a civil complaint in United States District Court for the District of South Dakota, 4:09CV04107, for forfeiture against real and personal property, identified in the civil complaint on the basis that the real and personal property listed in the civil complaint was net proceeds, or purchased or constructed in substantial part with monies consisting of or traceable to the net proceeds of the defendant's violations of 18 U.S.C. §1084 and other crimes.

The defendant admits that the real and personal property forfeited in civil 4:09CV4107 constitute net proceeds of or net proceeds traceable to the violations of 18 U.S.C.§ 1084 charged in the information or indictment. The defendant further admits that the real property was purchased, constructed and improved, in substantial part, with the net proceeds of or net proceeds traceable to his violations of 18 U.S.C. § 1084. The defendant agrees to sign a Settlement Agreement regarding Case 4:09CV04107, a copy of which is attached hereto, and to cooperate fully with the government in the forfeiture of the property identified in that case. The defendant agrees and verifies that neither he, nor any other person or entity under his control or influence, has done anything or will do anything to impair the value of the real personal property or the net equity in the subject property since July 20, 2009, to the date of the final order of forfeiture. If there are claimants to the subject property in Case No.4:09CV04107, the defendant agrees to fully cooperate with the government and to provide testimony

and documentary evidence that the source of the majority of the money used to purchase and construct the real property came from violations of 18 U.S.C. § 1084.

The Defendant specifically agrees to forfeit to the United States all interest in the property identified in the civil complaint and sign a withdrawal of his answer and claim filed in 4:09CV4107. The Defendant agrees to hold the United States, its agents, and employees harmless from any claims he may have in connection with the seizure or forfeiture of the property.

The Defendant further agrees to waive all interest in the property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to consent to the entry of orders of forfeiture for the property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of the property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on

any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps necessary to pass clear title to his interest in the property to the United States, including, but not limited to, the signing of a consent decree, stipulating to facts regarding the transfer and basis for the forfeiture, and signing any other documents necessary to effectuate such transfers.

Defendant knowingly and voluntarily waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding.

**M.    BASIS FOR PLEA OF GUILTY:** The Defendant agrees that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for his guilty plea in this case, and is a true and accurate statement of his actions or omissions with regard to the charges to which he is entering a plea, and that the Court may rely thereon in determining the basis for his plea of guilty as provided for in this plea agreement.

**N.    WAIVER OF SPEEDY TRIAL:** The Defendant agrees to waive any rights to a speedy trial under either the United States constitution or the Speedy Trial Act. This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

**O.    PARTIES BOUND:**  It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**P.    SCOPE OF AGREEMENT:**  This agreement shall include any attachments, exhibits or supplements designated by the parties.  It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

**Q.    WAIVER OF DEFENSES AND APPEAL RIGHTS:**  The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

### SUPPLEMENT TO PLEA AGREEMENT

The United States will file a Supplement to Plea Agreement which is required to be filed in every case in compliance with the Court's Standing Order.

                                              BRENDAN V. JOHNSON
                                              United States Attorney

_11-15-10_                            _[signature]_
Date                                             Jeffrey C. Clapper
                                              Assistant United States Attorney
                                              P.O. Box 2638
                                              Sioux Falls, SD 57101-2638
                                              Telephone: (605)330-4400
                                              Facsimile: (605)330-4410
                                              E-Mail: jeff.clapper@usdoj.gov

APPROVED:
BRENDAN V. JOHNSON
United States Attorney
By:

_[signature]_
DENNIS R. HOLMES
Chief, Criminal Division


_7-27-10_                           _[signature]_
Date                                               Michael J. Reisch
                                              Defendant

_8/9/10_                           _[signature]_
Date                                               Michael J. Butler
                                              Attorney for Defendant